## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **VERNELL PRATT,** *et al.*, <br><br> **Plaintiffs,** <br><br> **v.** <br><br> **DISTRICT OF COLUMBIA,** *et al.*, <br><br> **Defendants.** | Civil Action No. 01-1525 (JMF) |

### MEMORANDUM OPINION

On March 13, 2006, plaintiffs filed their Motion to Compel Payment of Settlement Proceeds and for Sanctions ("Motion"), in which they sought the immediate payment of settlement proceeds that had been approved by Judge John Garrett Penn on August 24, 2004. This request is now moot, however, because the settlement proceeds at issue in the Motion were paid by the District on March 28, 2006. Defendant's Supplemental Response to Court's Order to Show Cause, at 1 (Mar. 28, 2006); Praecipe, at 1 (Apr. 5, 2006).

Plaintiffs had also requested in their Motion that the District of Columbia (the "District") be sanctioned $5,000 as a penalty for its delay in submitting payment of the settlement proceeds.[1] Motion at 2. It is well-settled that "[t]he court possesses the inherent power to monitor litigation closely and to sanction litigants for abusive practices." Alexander v. Fed. Bureau of Investigation, 192 F.R.D. 25, 31 (D.D.C. 2000) (citing Roadway Express, Inc. v. Piper, 447 U.S. 752, 764-65 (1980). Before awarding sanctions, however, "the court must make an explicit finding that counsel acted in bad faith." Id. at

---

[1] Plaintiffs wish to maintain their request for sanctions even though the settlement proceeds at issue in their Motion have since been paid. Praecipe, at 1.

31; United States v. Wallace, 964 F.2d 1214, 1219-20 (D.C. Cir. 1992) (holding that the trial court's assessment of sanctions against an attorney was improper because none of the attorney's actions reached the level of bad faith).

The District explains that much of the delay was caused by factors outside of its control, namely that it could not process the settlement for payment until a guardianship order was judicially approved and an executed W-9 tax form was received from an appointed guardian. Defendants' Response to Court's Order to Show Cause ("Response"), at 2. See also D.C. Code § 21-307(c) (requiring certain settlement proceeds involving a minor child to be distributed to an appointed guardian). Though the settlement was approved on August 24, 2004, the Circuit Court of Prince George's County did not approve a guardianship order until September 5, 2005; that court order was not forwarded to the District until October 11, 2005. Response at 1. The District did not receive an executed W-9 tax form from the appointed guardian until December 27, 2005. Id. An additional delay was caused by an inquiry that was triggered upon discovery that Tenisha Jenkins, the minor child, was already receiving proceeds from an unrelated settlement with the District. Id. at 2 (inquiry undertaken to "assure that an individual is not being paid twice for the same claim").

The explanation provided by the District has not been refuted by the plaintiffs and surely does not evidence bad faith. The imposition of sanctions under these circumstances is unwarranted, and the Motion will be denied.

Dated: December 31, 2007         _____/s/_____
                                 JOHN M. FACCIOLA
                                 UNITED STATES MAGISTRATE JUDGE